IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR JONES,<br><br>      Plaintiff,<br><br>  v.<br><br>WARDEN R. GROUNDS, et al.,<br><br>      Defendants. | No. C 12-5621 RMW (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, and raises claims under the Americans with Disability Act and Section 504 of the Rehabilitation Act. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons below, the court dismisses the complaint in part, and orders service upon defendants.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C.

§ 1915A(b)(1), (2). <u>Pro se</u> pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988).

B.     <u>Legal Claim</u>

Plaintiff alleges that he had filed for, and received, reasonable accommodations for his unspecified disability. On December 29, 2011, plaintiff reported to work at PIA Textiles. When he arrived, he presented his disability documents to Supervisors B. Roberts and Robinson. Plaintiff believed he should not work around or operate heavy machinery, including a sewing machine. Defendants ignored plaintiff's documents and assigned plaintiff to a sewing machine. On February 7, plaintiff received a rules violation report ("RVR") for disobeying orders. On February 9, plaintiff received an RVR for refusing to report to work. Plaintiff thereafter incurred several losses of privileges. Liberally construed, Plaintiff's complaint states a cognizable claim the defendants violated his Eighth Amendment rights.

On March 27, plaintiff requested the RVRs be expunged from his file because of the ADA accommodations. Defendants Lacy and Grounds denied plaintiff's appeal. Defendant Lozano rejected the appeal because not all the documents were attached (which plaintiff disputes). However, there is no constitutional right to a prison administrative appeal or grievance system. <u>See</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount to a violation of his right to due process. Accordingly, this claim is DISMISSED without leave to amend. Defendants Lacy, Grounds, and Lozano are DISMISSED without prejudice.

Plaintiff also alleges that defendants violated his rights as proscribed by the Americans with Disabilities Act and the Rehabilitation Act. Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 <u>et seq.</u> ("ADA"), and § 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 <u>et seq.</u> ("RA"), prohibit discrimination on the basis of a disability in the programs, services or activities of a public entity. The term "public entity" encompasses state correctional facilities. <u>See</u> <u>Pennsylvania Dep't of Corrections v. Yeskey</u>, 524 U.S. 206, 210 (1998). The "ADA's broad language brings within its scope anything a public entity does,"

1  which "includes programs or services provided at jails, prisons, and any other custodial or
2  correctional institution." Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) (internal
3  quotation marks omitted).
4        The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an
5  individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the
6  benefit of some public entity's services, programs, or activities; (3) the plaintiff was either
7  excluded from participation in or denied the benefits of the public entity's services, programs or
8  activities, or was otherwise discriminated against by the public entity; and (4) such exclusion,
9  denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v.
10 Davis, 295 F.3d 890, 895 (9th Cir. 2002). A cause of action under § 504 of the RA essentially
11 parallels an ADA cause of action. See Olmstead v. Zimring, 527 U.S. 581, 590 (1999); Duvall
12 v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).
13       To the extent plaintiff is attempting to sue defendants under Title II of the ADA or
14 Section 504 of the RA, he cannot do so against individual officers, because the proper defendant
15 in such actions is the public entity responsible for the alleged discrimination. Nor can plaintiff
16 bring a Section 1983 action against defendants in their individual capacities based on such
17 allegedly discriminatory conduct. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002)
18 ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her
19 individual capacity to vindicate rights created by Title II of the ADA or § 504 of the
20 Rehabilitation Act."). The complaint does not state a claim upon which relief may be granted for
21 an ADA or RA violation. In addition to not having a proper defendant, plaintiff has not – even
22 with liberal construction of his complaint – pled any of the other elements. Plaintiff's ADA and
23 RA claims DISMISSED. Leave to amend will be granted so that plaintiff may attempt to allege
24 a proper ADA and/or RA claim against an appropriate defendant if he wishes to pursue it.
25
26       Although plaintiff names as defendants E.G. Sheffield and Supervisor N. Logan, he fails
27 to link them to any cognizable violation. Liability under Section 1983 arises only upon a
28 showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

1989). Usually, a Section 1983 plaintiff names as a defendant the individual state actor who allegedly wronged him. If plaintiff wishes to add defendants or to keep defendants E.G. Sheffield and Supervisor N. Logan as defendants, he should move to amend the complaint, identify each defendant by name, and link them to each claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). At this time, however, defendants E.G. Sheffield and Supervisor N. Logan are DISMISSED without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Defendants Lacy, Grounds, Lozano, E.G. Sheffield and Supervisor N. Logan are DISMISSED without prejudice. Plaintiff's ADA and RA claims are DISMISSED with leave to amend.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this Order to **Supervisor B. Roberts and Supervisor E. Robinson** at **Correctional Training Facility** in **Soledad, CA.** The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this Order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to plaintiff.

3. If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 12-5621 RMW (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an**

**amended complaint within thirty days and in accordance with this order may result in a dismissal of this action.**

4. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause is shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

    a. If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315

1  F.3d 1108, 1119-20 (9th Cir. 2003).

2          b.      Any motion for summary judgment shall be supported by adequate factual
documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

7.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

8.      Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

9.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

10.     All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

11.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

12.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: FEBGFH

_/s/ Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OSCAR JONES,

        Plaintiff,

  v.

B ROBERTS et al,

        Defendant.

Case Number: CV12-05621 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 22, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Oscar Jones C-56642
PO Box 689
Soledad, CA 93690-0689

Dated: January 22, 2013

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk