1

2

3   *E*̀*O̅ː̌CŠÒ̈Ö̌ÆA̅ ₩Î ₩H*

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | OSCAR JONES, | No. C 12-5621 RMW (PR) |
| 12 | Plaintiff, | ORDER FILING PLAINTIFF'S AMENDED COMPLAINT; |
| 13 | v. | GRANTING DEFENDANTS' MOTION FOR EXTENSION OF |
| 14 | | TIME; DENYING DEFENDANTS' MOTION TO STAY DISCOVERY; |
| 15 | B. ROBERTS, et al., | DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR |
| 16 | Defendants. | NOTICE REGARDING SUCH MOTION |

17

18      Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint

19   pursuant to 42 U.S.C. § 1983, and raises claims under the Americans with Disabilities Act and

20   Section 504 of the Rehabilitation Act.

21      Defendants have filed a motion requesting that the court screen plaintiff's amended

22   complaint. The court has not received an amended complaint from plaintiff. However,

23   defendants attached to their motion, a copy of plaintiff's amended complaint. Defendants'

24   motion to screen the amended complaint is GRANTED. The clerk shall FILE plaintiff's

25   amended complaint. (Doc. No. 11, Ex. A.) Defendants have also requested an extension of time

26   to file an answer and dispositive motion. That request is GRANTED. Defendants' request to

27   temporarily stay discovery is DENIED as unnecessary.

28

Order Filing Plaintiff's Amended Complaint; Granting Defendants' Motion for Extension of Time; Denying
Defendants' Motion to Stay Discovery; Directing Defendants to File Dispositive Motion or Notice Regarding Such
Motion
G:\PRO-SE\SJ.Rmw\CR.12\Jones621srv2.wpd

**DISCUSSION**

A.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).

In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

B.     Background

On December 29, 2011, plaintiff was scheduled to report to a new work assignment at PIA Textiles. (Am. Compl. at ¶ 17.) Plaintiff arrived and showed defendant supervisors Roberts and Robinson documents which stated that plaintiff should not be around, or operate heavy machinery, including a sewing machine. (Id.) Roberts and Robinson ignored the documents and assigned plaintiff to a sewing machine. (Id.)

On February 2, 2012, plaintiff received a rules violation report ("RVR") for disobeying orders. (Id. at ¶ 20.) On February 9, 2012, plaintiff received another RVR for refusing to report to work. (Id. at ¶ 19.) Plaintiff pleaded guilty to refusing to report to work (id., Ex. C), and pleaded not guilty to disobeying orders (id., Ex. C-1). Plaintiff was found guilty of both RVRs, which resulted in a 30 days placement on C status and other losses of privileges. (Am. Compl. at ¶ 22.)

On March 15, 2012, plaintiff filed a request for reasonable modification or accommodation request. (Id., Ex. A.) On March 21, 2012, plaintiff was issued the following accommodations: bottom bunk first tier housing; cane; glasses; and no climbing, crawling, or lifting over 45 pounds. (Id., Ex. A-1.) Plaintiff was also issued a medical chrono advising that plaintiff was to avoid lifting or carrying objects more than 15 pounds; avoid working heavy

Order Filing Plaintiff's Amended Complaint; Granting Defendants' Motion for Extension of Time; Denying Defendants' Motion to Stay Discovery; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion

G:\PRO-SE\SJ.Rmw\CR.12\Jones621srv2.wpd     2

1 machinery; avoid working heights; avoid prolonged standing; and working no longer than 45

2 minutes at a time. (Id., Ex. A-4.)

3      On March 27, 2012, plaintiff filed an inmate request that the RVRs be expunged from his

4 file based on his ADA accommodations. (Am. Compl. at ¶ 23.) On March 29, 2012, plaintiff's

5 request was denied. (Id., Ex. D-1.) On May 3, 2012, defendant S. Lacy denied plaintiff's appeal

6 at the second level of review. (Id., Ex. D-2.) On July 13, 2012, defendant J.D. Lozano rejected

7 plaintiff's third level of appeal because it was missing several required documents. (Id., Ex. D-

8 3.)

9 C.     Plaintiff's Claims

10      Plaintiff alleges that defendants, sued in their official capacities, violated his rights as

11 proscribed by the Americans with Disabilities Act and the Rehabilitation Act. Title II of the

12 Americans With Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA"), and § 504 of the

13 Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 et seq. ("RA"), prohibit

14 discrimination on the basis of a disability in the programs, services or activities of a public

15 entity. Specifically, plaintiff alleges that defendants supervisors Roberts and Robinson knew

16 that he had ADA documentation prohibiting him from working at PIA textiles, but Roberts and

17 Robinson ignored such documentation. Very liberally construed, plaintiff has stated a

18 cognizable ADA and RA claim that Roberts and Robinson discriminated against him based on

19 his disability.

20      To the extent plaintiff attempts to raise a claim of equal protection, he fails to do so.

21 When challenging treatment with regard to other prisoners, courts have held that in order to

22 present an equal protection claim, a prisoner must allege that his treatment is invidiously

23 dissimilar to that received by other inmates. More v. Farrier, 984 F.2d 269, 271-72 (8th Cir.

24 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of

25 prison officials). This, plaintiff has not done. The first step in determining whether the inmate's

26 equal protection rights were violated is to identify the relevant class of prisoners to which he

27 belongs. Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013). The class must be

28

Order Filing Plaintiff's Amended Complaint; Granting Defendants' Motion for Extension of Time; Denying
Defendants' Motion to Stay Discovery; Directing Defendants to File Dispositive Motion or Notice Regarding Such
Motion
G:\PRO-SE\SJ.Rmw\CR.12\Jones621srv2.wpd     3

1 comprised of similarly situated persons so that the factor motivating the alleged discrimination

2 can be identified. Id. at 1031 (affirming district court's grant of defendants' motion for summary

3 judgment because inmate failed to raise triable issue of fact that he was treated differently than

4 any other inmate whom the officers did not know was entitled to a vegetarian meal). Plaintiff

5 has not proffered to what class he belongs. Accordingly, plaintiff's equal protection claim is

6 DISMISSED without prejudice.

7       To the extent plaintiff attempts to raise a due process claim for failing to remove the

8 "false" disciplinary charges from his central file, this also fails to state a claim. A prisoner has

9 no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct

10 which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d

11 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). As long as a

12 prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated

13 charge fail to state a claim under Section 1983. Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th

14 Cir. 1984). Accordingly, plaintiff's due process claim is DISMISSED without leave to amend.

15       Plaintiff again names defendants Lacy and Lozano. However, plaintiff's allegations

16 assert that Lacy denied plaintiff's appeal to expunge his RVRs. Similarly, plaintiff argues that

17 Lozano rejected the appeal because not all the documents were attached (which plaintiff

18 disputes). As the court previously stated, however, there is no constitutional right to a prison

19 administrative appeal or grievance system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.

20 2003). Plaintiff had no federal constitutional right to a properly functioning appeal system. An

21 incorrect decision on an administrative appeal or failure to handle it in a particular way therefore

22 did not amount to a violation of his right to due process. Accordingly, this claim is DISMISSED

23 with prejudice. Defendants Lacy and Lozano are DISMISSED with prejudice.

24       In addition, plaintiff again names E.G. Sheffield, lead manager of CALPIA Textiles.

25 However, he fails to link him to any cognizable violation. Liability under Section 1983 arises

26 only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040,

27 1045 (9th Cir. 1989). Plaintiff states that, on March 29, 2012, Sheffield reviewed plaintiff's

28

Order Filing Plaintiff's Amended Complaint; Granting Defendants' Motion for Extension of Time; Denying
Defendants' Motion to Stay Discovery; Directing Defendants to File Dispositive Motion or Notice Regarding Such
Motion

1   ADA documents, agreed that he should not have been assigned to PIA, and relayed that

2   information to Roberts and Robinson.  Plaintiff makes a conclusory assertion that Sheffield had a

3   duty to "cure all wrongdoing to plaintiff," presumably meaning that Sheffield should have

4   expunged the RVRs from plaintiff's central file.  However, even assuming that Sheffield had

5   such a responsibility, the failure to do so does not state a cognizable claim for relief under

6   Section 1983.  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).  Accordingly,

7   defendant E.G. Sheffield is DISMISSED.

8        Finally, plaintiff names Doe defendants 1-15.  The use of "John Doe" to identify a

9   defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th

10  Cir. 1980).  Thus, Doe defendants are DISMISSED without prejudice.  However, if plaintiff

11  identified those individuals through discovery, see id., he may move to amend his amended

12  complaint to include those individuals.

13                              **CONCLUSION**

14       For the foregoing reasons, the Court orders as follows:

15       1.      Defendants Lacy, Lozano, E.G. Sheffield and Does are DISMISSED.  Plaintiff's

16  equal protection and due process claims are DISMISSED.

17       2.      Defendants' answer is due no later than **thirty (30) days** from the filing date of

18  this order.  Defendants' motion to temporarily stay discovery is DENIED as unnecessary.

19       3.      No later than **sixty (60) days** from the date of this order, defendants shall file a

20  motion for summary judgment or other dispositive motion with respect to the cognizable claim

21  in the complaint.

22            a.      If defendants elect to file a motion to dismiss on the grounds that plaintiff

23  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

24  defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315

25  F.3d 1108, 1119-20 (9th Cir. 2003).

26            b.      Any motion for summary judgment shall be supported by adequate factual

27  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

28

Order Filing Plaintiff's Amended Complaint; Granting Defendants' Motion for Extension of Time; Denying
Defendants' Motion to Stay Discovery; Directing Defendants to File Dispositive Motion or Notice Regarding Such
Motion
G:\PRO-SE\SJ.Rmw\CR.12\Jones621srv2.wpd          5

1   Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**

2   **qualified immunity found, if material facts are in dispute.  If defendants are of the opinion**

3   **that this case cannot be resolved by summary judgment, they shall so inform the court**

4   **prior to the date the summary judgment motion is due.**

5         4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and

6   served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is

7   filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex

8   Corp. v. Catrett, 477 U.S. 317 (1986).

9         5.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's

10  opposition is filed.

11        6.      The motion shall be deemed submitted as of the date the reply brief is due.  No

12  hearing will be held on the motion unless the court so orders at a later date.

13        7.      All communications by the plaintiff with the court must be served on defendants

14  or defendants' counsel, by mailing a true copy of the document to defendants or defendants'

15  counsel.

16        8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

17  No further court order is required before the parties may conduct discovery.

18        9.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

19  and all parties informed of any change of address and must comply with the court's orders in a

20  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

21  pursuant to Federal Rule of Civil Procedure 41(b).

22        IT IS SO ORDERED.

23  DATED: ___Í ⊞Î ⊞H___
                                              RONALD M. WHYTE
24                                            United States District Judge

25

26

27

28

Order Filing Plaintiff's Amended Complaint; Granting Defendants' Motion for Extension of Time; Denying
Defendants' Motion to Stay Discovery; Directing Defendants to File Dispositive Motion or Notice Regarding Such
Motion
G:\PRO-SE\SJ.Rmw\CR.12\Jones621srv2.wpd          6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


OSCAR JONES,

                Plaintiff,

  v.

B ROBERTS et al,

                Defendant.

Case Number: CV12-05621 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 16, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Oscar Jones C-56642
PO Box 689
Soledad, CA 93690-0689

Dated: May 16, 2013

                Richard W. Wieking, Clerk
                By: Jackie Lynn Garcia, Deputy Clerk