IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSCAR JONES, | ) | No. C 12-5621 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE |
| v. | ) ) | (Docket No. 22) |
| B. ROBERTS, et al., | ) ) | |
| Defendants. | ) ) | |

    Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, and raised claims under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Defendants have filed a motion to dismiss for failure to exhaust. Plaintiff has not filed an opposition.

    The Ninth Circuit recently overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA), should be raised by a defendant as an unenumerated Rule 12(b) motion. Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). "[A] failure to exhaust is more appropriately handled under the framework of the existing rules than under an 'unenumerated' (that is, non-existent) rule." Id.

    Under the new law of the circuit, in the rare event that a failure to exhaust is clear on the

1  face of the complaint, a defendant may move for dismissal under Rule 12(b)(6).  Id.  Otherwise,
2  defendants must produce evidence proving failure to exhaust in a motion for summary judgment
3  under Rule 56.  Id.  Defendants must present probative evidence that there was an available
4  administrative remedy and that the prisoner did not exhaust that available administrative remedy.
5  Id. at 18.

6       In view of Albino, defendants' motion (doc. no. 22) to dismiss plaintiff's instant prisoner
7  action under the unenumerated portion of Rule 12(b) for failure to exhaust available
8  administrative remedies is DENIED.  The denial is without prejudice to defendants renewing
9  their failure to exhaust defense in a motion for summary judgment, if appropriate.

10      In order to expedite these proceedings, defendants must serve and file a motion for
11 summary judgment (whether or not they choose to raise a failure to exhaust defense) within 60
12 days of this order.  Plaintiff must serve and file an opposition or statement of non-opposition to
13 the motion not more than 28 days after the motion is served and filed, and defendants must serve
14 and file a reply to an opposition not more than 14 days after the opposition is served and filed.

15     IT IS SO ORDERED.
16 DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
17 United States District Judge

Order Filing Plaintiff's Amended Complaint; Granting Defendants' Motion for Extension of Time; Denying Defendants' Motion to Stay Discovery; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\RMW\CR.12\Jones621mtdalbino.wpd       2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OSCAR JONES,

        Plaintiff,

  v.

B. ROBERTS et al,

        Defendant.

Case Number: CV12-05621 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 2, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Oscar Jones C-56642
PO Box 689
Soledad, CA 93690-0689

Dated: June 2, 2014

                                            Richard W. Wieking, Clerk
                                            By: Jackie Lynn Garcia, Deputy Clerk