IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSCAR JONES, | ) | No. C 12-5621 RMW (PR) |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANTS' MOTION FOR |
| v. | ) ) | SUMMARY JUDGMENT |
| B. ROBERTS, et al., | ) ) | (Docket No. 24.) |
| Defendants. | ) ) | |

Plaintiff, proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). Defendants have moved for summary judgment on the basis that, inter alia, plaintiff has failed to exhaust his claim. Although given the opportunity, plaintiff has not filed an opposition. For the reasons stated below, the court GRANTS defendants' motion for summary judgment.

**BACKGROUND**

According to the complaint, in 2011 to 2012, defendants Roberts and Robinson knew that plaintiff had ADA documentation prohibiting him from working at PIA textiles, but defendants ignored the documentation. Specifically, plaintiff told defendants that he was not able to work around or operate heavy machinery because of his disabilities. Defendants assigned him to work on a sewing machine. However, plaintiff believes that working on a sewing machine would be

1  unsafe for him. According to plaintiff, despite plaintiff's ADA requirements, plaintiff was given
2  disciplinary reports for failing to comply with defendants' orders on February 2, 2012, and
3  February 9, 2012.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is an affirmative defense; that is, defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

The State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("Director"). See Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under Section 1997e(a). See Barry, 985 F. Supp. at 1237-38.

Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints.

Order Granting Defendants' Motion to Dismiss
P:\PRO-SE\RMW\CR.12\Jones621mtdexh.wpd

1  Jones v. Bock, 549 U.S. 199, 215-17 (2007).  As there can be no absence of exhaustion unless
2  some relief remains available, a movant claiming lack of exhaustion must demonstrate that
3  pertinent relief remained available, whether at unexhausted levels or through awaiting the results
4  of the relief already granted as a result of that process.  Brown v. Valoff, 422 F.3d 926, 936-37
5  (9th Cir. 2005).

6  Defendants argue that plaintiff has failed to exhaust his claims.  Defendants provide
7  evidence that between December 29, 2011 – the date that plaintiff first reported to work at PIA
8  Textiles – and May 16, 2013 – date plaintiff filed the operative complaint – plaintiff submitted
9  five non-medical administrative appeals.  (Truett Decl. ¶ 9.)  Of those appeals, only two raised
10 claims similar to that raised in this federal action.[1]  (Id. ¶¶ 10-11.)

11 Appeal number CTF-12-00403 was received by the Inmate Appeals office on February
12 29, 2012.  (Truett Decl. ¶ 10.)  In the grievance, plaintiff complained that the February 2, 2012
13 rules violation report ("RVR") violated his rights under the ADA and requested that the RVR be
14 expunged.  (Id., Ex. B.)  The appeal was denied, and plaintiff submitted his appeal to the third
15 level of review on May 30, 2012.  (Lozano Decl. ¶ 8.)  However, it was screened out on April
16 30, 2012 for failure to attach the necessary documents.  (Id., Ex. A.)  Although plaintiff
17 resubmitted it on May 10, 2012, the grievance was again screened out on May 25, 2012 for
18 failure to attach the necessary documents.  (Id.)  Plaintiff never corrected the deficiencies nor
19 resubmitted the grievance.

20 Appeal number CTF-12-00606 was received by the Inmate Appeal office on April 18,
21 2012.  (Truett Decl. ¶ 12.)  In the grievance, plaintiff complained that the February 9, 2012 RVR
22 violated his ADA rights and requested that the RVR be expunged.  (Id., Ex. D.)  The appeal was
23 denied, and plaintiff submitted his appeal to the third level of review on May 15, 2012.  (Lozano
24 Decl. ¶ 9.)  However, it was screened out on July 13, 2012 for failure to attach the necessary
25 supporting documents.  (Id.)  Again, plaintiff never corrected the deficiencies nor resubmitted

---

27   [1] The remaining three: CTF-12-00219, CTF-12-00390, and CTF-13-00875 were
28 screened out and never completed.  (Truett Decl. ¶ 9, Ex. 1.)

Order Granting Defendants' Motion to Dismiss
P:\PRO-SE\RMW\CR.12\Jones621mtdexh.wpd

3

1 the grievance. (*Id.*, Ex. A.)

2     Exhaustion of all "available" remedies is mandatory; those remedies need not meet
3 federal standards, nor must they be "plain, speedy and effective." Porter v. Nussle, 534 U.S.
4 516, 524 (2002). A prisoner suing under the ADA or Rehabilitation Act also must exhaust
5 prison administrative remedies, notwithstanding the absence of a federal administrative
6 exhaustion requirement in those statutes. See O'Guinn v. Lovelock Correctional Center, 502
7 F.3d 1056, 1061 (9th Cir. 2007). The obligation to exhaust persists as long as some remedy is
8 available; when that is no longer the case, the prisoner need not further pursue the grievance.
9 Brown, 422 F.3d at 934-35. The PLRA exhaustion requirement requires proper exhaustion.
10 Woodford v. Ngo, 548 U.S. 81, 84 (2006). "Proper exhaustion demands compliance with an
11 agency's deadlines and other critical procedural rules because no adjudicative system can
12 function effectively without imposing some orderly structure on the course of its proceedings."
13 Id. at 90-91.

14     Here, defendants have submitted evidence that plaintiff failed to comply with the prison's
15 procedural rules of attaching supporting documents with each submitted appeal. As a result,
16 plaintiff's appeal at the third level of review for both CTF-12-00403 and CTD-12-00606 were
17 screened out, i.e., returned, as procedurally deficient. Plaintiff could have, but did not, resubmit
18 the grievances with the required supporting documents. Thus, defendants have met their burden
19 of proving that administrative remedies existed, but were not followed. See Albino v. Baca, 697
20 F.3d 1023, 1031-32 (9th Cir. 2012).

21     Once defendants meet their burden, the burden shifts to the plaintiff to demonstrate that
22 the grievance procedure was unavailable. See id. at 1032-33. Unfortunately, plaintiff has not
23 provided any evidence to meet his burden. Further, plaintiff has not provided any other evidence
24 of exhaustion to contradict defendants' submission that plaintiff did not re-submit his grievances,
25 or submit any other administrative grievance about the challenged events.

26     Accordingly, the court concludes that plaintiff has failed to exhaust his administrative
27 remedies, defendants' motion for summary judgment is GRANTED on the grounds that plaintiff
28

Order Granting Defendants' Motion to Dismiss
P:\PRO-SE\RMW\CR.12\Jones621mtdexh.wpd

1  failed to exhaust his administrative remedies.[2]

## CONCLUSION

Defendants' motion for summary judgment is GRANTED.  Judgment shall be entered in favor of defendants.  The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[2] Because the court concludes that plaintiff has failed to exhaust his administrative remedies, the court finds it unnecessary to address defendants' other arguments.

Order Granting Defendants' Motion to Dismiss
P:\PRO-SE\RMW\CR.12\Jones621mtdexh.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OSCAR JONES,

        Plaintiff,

  v.

B. ROBERTS et al,

        Defendant.

Case Number: CV12-05621 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 19, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Oscar Jones C-56642
P.O. Box 689
Soledad, CA 93690-0689

Dated: December 19, 2014

                              Richard W. Wieking, Clerk
                              By: Jackie Lynn Garcia, Deputy Clerk